**FILED**
NOV 2 0 2007
Nov. 20, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JH

| | |
|---|---|
| ROBERT POLICKY,<br>Plaintiffs,<br><br>v.<br><br>UNKNOWN CHICAGO POLICE<br>OFFICERS and THE CITY OF CHICAGO<br>Defendants. | 07CV 6556<br>JUDGE DER-YEGHIAYAN<br>MAGISTRATE JUDGE ASHMAN<br><br>)<br>)<br>) Jury Demand<br>)<br>) |

## COMPLAINT

### COUNT I - EXCESSIVE FORCE

### JURISDICTION AND VENUE

1. This Court has jurisdiction based on 28 U.S.C. §§1331 and 1343(a) because the case raises federal constitutional issues.

2. The Court has supplementary jurisdiction over substantially related state claims based on 28 U.S.C. 1367(a).

3. This is an appropriate venue because all of the alleged acts occurred within the Northern District of Illinois and all of the parties reside within the Northern District of Illinois.

4. This action is brought pursuant to 42 U.S.C. §1983 for violations of Plaintiff's constitutional rights under the Fourth Amendment as incorporated and applied to state

governments through the Fourteenth Amendment to the United States Constitution.

## PARTIES

5. Plaintiff is a citizen of the United States and resident of Chicago, Illinois.

6. Unknown Chicago Police officers were on duty and acting under color of state law at all times relevant to this Complaint.

7. The City of Chicago is a municipality organized under the laws of the State of Illinois and it is the employer of the unknown Chicago Police officers.

## THE FOURTH AMENDMENT VIOLATION

8. On July 20, 2007, Plaintiff was near a produce store at 2315 S. Keeler Ave., Chicago, IL.

9. Plaintiff was riding his bicycle.

10. The Defendants did not have a search warrant for the Plaintiff on July 20, 2007.

11. The Defendants did not have an arrest warrant for the Plaintiff on July 20, 2007.

12. The Defendants did not witness the Plaintiff breaking any city, county, state, and/or federal law at 2315 S. Keeler Ave., Chicago, IL on July 20, 2007.

13. The Defendants did not have consent to search the Plaintiff on July 20, 2007.

14. Defendants traveling in an unmarked Chicago Police Department vehicle, approached the Plaintiff from behind, at which time, one of the Defendants reached out of

the vehicle and knocked Plaintiff to the ground.

15. While on the ground one or more of the Defendants proceeded to strike, kick, punch the Plaintiff all about his body.

16. One of the Defendants took Plaintiffs wallet while he was being beaten.

17. After reviewing the contents of Plaintiff's wallet the Defendant who had taken the wallet said to the other two Defendants, "We got the wrong guy" or similar words.

18. One of the Defendants then slashed both tires on Plaintiff's bicycle.

19. Unknown employees of the produce store observed some of the conduct of the Defendants.

20. All of the Defendants yelled at the unknown employees to leave the scene.

21. After slashing Plaintiff's tires the three Defendants got back in their vehicle and left the area.

22. Plaintiff was left dazed, bruised, and bleeding from the face and arms.

23. The Defendants detained Plaintiff in violation of Plaintiffs rights under the Fourth Amendment.

24. Plaintiff, at no time during the incident struck, kicked, punched any of the three officers.

25. Plaintiff, at not time during the incident attempted to strike, kick, or punch any of the Defendants.

26. Plaintiff, at no time during the incident resisted and/or obstructed the

Defendants.

27. Plaintiff, at no time during the incident disobeyed any commands of any of the Defendants.

28. As a direct and proximate result of the unconstitutional detention, the Plaintiff suffered actual harm.

WHEREFORE, Plaintiff prays this Court will award him actual and punitive damages as well as costs and reasonable attorney's fees against the defendants.

## COUNT II - STATUTORY INDEMNIFICATION

1-28. Plaintiff re-alleges paragraphs 1-28 of Counts I as paragraphs 1-28 of Count II.

19. At all relevant times 745 ILCS 10/9-102 was in full force and effect.

20. The defendant officers were acting under color of state law and as employees of the City of Chicago.

WHEREFORE, Plaintiff prays the Court will award him actual damages and costs against the City of Chicago.

Respectfully submitted,

_____
THOMAS PETERS
KEVIN PETERS
Attorneys for Plaintiff
407 S. Dearborn, Suite 1675
Chicago, Illinois 60605
312-697-0022