## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ROBERT POLICKY, ) | |
| ) | **No.    07 C 6556** |
| Plaintiff, ) | |
| ) | JUDGE DER-YEGHIAYAN |
| v. ) | |
| ) | Magistrate Judge Ashman |
| UNKNOWN CHICAGO POLICE OFFICERS and ) | |
| THE CITY OF CHICAGO, ) | |
| ) | JURY DEMAND |
| Defendants. ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, answers Plaintiff's Complaint and states:

### COUNT I - Excessive Force

### Jurisdiction and Venue

1.  This Court has jurisdiction based on 28 U.S.C. §§ 1331 and 1343(a) because the case raises federal constitutional issues.

    **ANSWER:**    The City admits the allegations of this paragraph.

2.  The Court has supplementary jurisdiction over substantially related state claims based on 28 U.S.C. 1367(a).

    **ANSWER:**    The City admits the allegations of this paragraph.

3.  This is an appropriate venue because all of the alleged acts occurred within the Northern District of Illinois and all of the parties reside within the Northern District of Illinois.

    **ANSWER:**    The City admits that venue is proper in the Northern District of Illinois, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph..

4. This action is brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's constitutional rights under the Fourth Amendment as incorporated and applied to state governments through the Fourteenth Amendment to the United States Constitution.

**ANSWER:** The City admits this action is brought pursuant to 42 U.S.C. § 1983, and alleges the deprivation of Plaintiff's Fourth Amendment rights. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

## Parties

5. Plaintiff is a citizen of the United States and resident of Chicago, Illinois.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

6. Unknown Chicago Police officers were on duty and acting under color of state law at all times relevant to this Complaint.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

7. The City of Chicago is a municipality organized under the laws of the State of Illinois and it is the employer of the Unknown Chicago Police officers.

**ANSWER:** The City admits that it is a municipality organized under the laws of the State of Illinois, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

## The Fourth Amendment Violation

8. On July 20, 2007, Plaintiff was near a produce store at 2315 S. Keeler Ave., Chicago, IL.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

9. Plaintiff was riding his bicycle.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

10. The Defendants did not have a search warrant for the Plaintiff on July 20, 2007.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

11. The Defendants did not have an arrest warrant for the Plaintiff on July 20, 2007.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

12. The Defendants did not witness the Plaintiff breaking any city, county, state, and/or federal law at 2315 S. Keeler Ave., Chicago, IL on July 20, 2007.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

13. The Defendants did not have consent to search the Plaintiff on July 20, 2007.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

14. Defendants traveling in an unmarked Chicago Police Department vehicle, approached the Plaintiff from behind, at which time, one of the Defendants reached out of the vehicle and knocked Plaintiff to the ground.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

15. While on the ground one or more of the Defendants proceeded to strike, kick, punch *(sic)* the Plaintiff all about his body.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

16.     One of the Defendants took Plaintiffs *(sic)* wallet while he was being beaten.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

17.     After reviewing the contents of Plaintiff's wallet the Defendant who had taken the wallet said to the other two Defendants, "We got the wrong guy" or similar words.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

18.     One of the Defendants then slashed both tires on Plaintiff's bicycle.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

19.     Unknown employees of the produce store observed some of the conduct of the Defendants.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

20.     All of the Defendants yelled at the unknown employees to leave the scene.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

21.     After slashing Plaintiff's tires the three Defendants got back in their vehicle and left the area.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

22.　　Plaintiff was left dazed, bruised, and bleeding from the face and arms.

**ANSWER:**　　The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

23.　　The Defendants detained Plaintiff in violation of Plaintiffs *(sic)* rights under the Fourth Amendment.

**ANSWER:**　　The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

24.　　Plaintiff, at no time during the incident struck, kicked, punched *(sic)* any of the three officers.

**ANSWER:**　　The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

25.　　Plaintiff, at not *(sic)* time during the incident attempted to strike, kick, or punch any of the Defendants.

**ANSWER:**　　The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

26.　　Plaintiff, at no time during the incident resisted and/or obstructed the Defendants.

**ANSWER:**　　The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

27.　　Plaintiff, at no time during the incident disobeyed any commands of any of the Defendants.

**ANSWER:**　　The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

28.　　As a direct and proximate result of the unconstitutional detention, the Plaintiff suffered actual harm.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

### COUNT II - Statutory Indemnification

1-28. Plaintiff re-alleges paragraphs 1-28 of Counts *(sic)* I as paragraphs 1-28 of Count II.

**ANSWER:** The City incorporates its answers to paragraphs 1 through 28.

19. *[sic]* At all relevant times 745 ILCS 10/9/102 was in full force and effect.

**ANSWER:** The City admits the allegations of this paragraph.

20.*[sic]* The defendant officers were acting under color of state law and as employees of the City of Chicago.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

**WHEREFORE**, the City prays that this Court enter judgment in its favor on plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

### AFFIRMATIVE DEFENSES

1. Defendant City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109 (2006).

2. To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (2006).

3. Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

4. To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of the plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this cause.

5. To the extent plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

6. Under state law, the City is not liable for conduct committed by employees not acting within the scope of their employment. Wright v. City of Danville, 174 Ill.2d 392, 221 Ill.Dec. 203, 675 N.E.2d 110 (1996).

7. Under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), the City is not vicariously liable under section 1983 for its employees' misconduct.

### Jury Demand

Defendant City of Chicago requests a trial by jury.

                        Respectfully submitted,

                        MARA S. GEORGES,
                        Corporation Counsel for the City of Chicago

                        By:    **/s/ *Megan K. McGrath***
                                MEGAN K. McGRATH
                                Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 742-3541 Office
(312) 744-3989 Fax
Attorney No.  06288408